FILED
CLERK, U.S. DISTRICT COURT

JUL 10 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____rsm_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHARLES CHRISTOPHER,<br>D'ANGELO SPENCER,<br>JORDAN LEONARD, and<br>TAZJAR ROUSE,<br><br>　　　　Defendants. | CR No. **2:24-CR-00416-ODW**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; 18 U.S.C. §§ 924(c)(1)(A)(i), (ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, a Crime of Violence; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　7-Eleven was an international convenience store company with over 78,000 stores throughout the United States and in other countries, including a location at 6224 South Figueroa Street, Los

Angeles, California (the "Los Angeles 7-Eleven"), and 15300 South Figueroa Street, Gardena, California (the "Gardena 7-Eleven"). Both the Los Angeles 7-Eleven and the Gardena 7-Eleven sold and distributed products in and affecting interstate commerce. Both the Los Angeles 7-Eleven and Gardena 7-Eleven obtained goods from outside California and from outside the United States.

2. Consumer Value Stores was a nationwide convenience store and pharmacy company with over 9,600 stores throughout the United States, including a location at 1747 North Cahuenga Boulevard, Los Angeles, California ("CVS"). CVS sold and distributed products in and affecting interstate commerce. CVS obtained goods from outside California and from outside the United States.

B.  OBJECT OF THE CONSPIRACY

3. Beginning no later than on or about November 4, 2023, and continuing to at least on or about December 24, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES CHRISTOPHER, D'ANGELO SPENCER, JORDAN LEONARD, and TAZJAR ROUSE conspired with each other and with others known and unknown to the Grand Jury to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
    ACCOMPLISHED

4. The object of the conspiracy was to be accomplished, in substance, as follows:

   a. Defendants CHRISTOPHER, SPENCER, LEONARD, and ROUSE, and co-conspirators, would travel to business locations for the purpose of robbing the businesses.

  b. Defendants CHRISTOPHER, SPENCER, LEONARD, and ROUSE, and co-conspirators, would enter the business locations during business hours to commit robbery, while at least one co-conspirator would act as either a getaway driver, remaining in the car during the robbery, or a lookout, observing the entrance of the business location during the robbery.

  c. Defendants CHRISTOPHER and LEONARD would sometimes brandish a firearm to frighten and control employees and customers inside the business being robbed.

  d. Defendants CHRISTOPHER and SPENCER, and co-conspirators, would demand a robbery location's money before taking the cash from the cash register.

  e. Defendants CHRISTOPHER, SPENCER, LEONARD, and ROUSE, and co-conspirators, would rob businesses that contained a pharmacy of medications, which co-conspirators would later sell.

D. <u>OVERT ACTS</u>

 5. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants CHRISTOPHER, SPENCER, LEONARD, and ROUSE, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>November 4, 2023 Robbery of the Los Angeles 7-Eleven</u>

 <u>Overt Act No. 1</u>: On November 4, 2023, defendants CHRISTOPHER and SPENCER, and two co-conspirators, traveled to the Los Angeles 7-Eleven in a distinct blue 2011 BMW 328i four-door car ("blue BMW") to commit a robbery.

    Overt Act No. 2:   On November 4, 2023, inside the Los Angeles 7-Eleven, defendant CHRISTOPHER served as a lookout while his co-conspirators jumped over the counter, pushed the 7-Eleven employee, and took the money from a cash register.

    Overt Act No. 3:   On November 4, 2023, defendants CHRISTOPHER and SPENCER, and their co-conspirators, fled the Los Angeles 7-Eleven with approximately $2,495 belonging to the Los Angeles 7-Eleven.

    Overt Act No. 4:   On November 4, 2023, defendant SPENCER posted a video on Instagram in a BMW car approximately thirty-five minutes before the robbery.

    Overt Act No. 5:   On November 4, 2023, following the robbery earlier that day described above, defendant SPENCER made multiple Instagram posts including stacks of money.  In one of the posts, defendant SPENCER is wearing all black clothing and has a black ski mask pulled up to expose his face, matching the clothing of the robbery suspects.

November 28, 2023 Robbery of the Los Angeles 7-Eleven

    Overt Act No. 6:   On November 28, 2023, defendants CHRISTOPHER and SPENCER, and at least one co-conspirator, traveled to the Los Angeles 7-Eleven in the blue BMW to commit a robbery.

    Overt Act No. 7:   On November 28, 2023, inside the Los Angeles 7-Eleven, defendants CHRISTOPHER and SPENCER jumped over the sales counter, took money from three cash registers, and placed the money in a black Nike bag. Defendant CHRISTOPHER was holding a two-toned semi-automatic handgun, pointed it at an employee, and took the employee's cell phone.

    Overt Act No. 8:   On November 28, 2023, defendants CHRISTOPHER and SPENCER fled the Los Angeles 7-Eleven in the blue BMW with

approximately $2,000 belonging to the 7-Eleven and the cell phone of the 7-Eleven employee.

Overt Act No. 9: On November 28, 2023, following the robbery earlier that day described above, defendant SPENCER made multiple posts on Instagram with stacks of cash.

Overt Act No. 10: On November 28, 2023, following the robbery earlier that day described above, defendant LEONARD posted a photograph on Instagram with stacks of cash, captioned his post "love my bros we go hit every time," and tagged the Instagram accounts of defendants CHRISTOPHER and SPENCER.

Overt Act No. 11: On November 28, 2023, following the robbery earlier that day described above, defendant LEONARD sent a direct message to another user on Instagram stating "It was a fast minute on p1ru it wasn't even mine I just brought strap," referencing the firearm used in the robbery.

December 11, 2023 Robbery of the Los Angeles 7-Eleven

Overt Act No. 12: On December 11, 2023, defendants CHRISTOPHER, LEONARD, and ROUSE, and a co-conspirator, approached the Los Angeles 7-Eleven, on foot, to commit a robbery.

Overt Act No. 13: On December 11, 2023, defendant LEONARD entered the Los Angeles 7-Eleven and brandished a two-toned semi-automatic handgun, using it to intimidate and control an employee.

Overt Act No. 14: On December 11, 2023, inside the Los Angeles 7-Eleven, defendant LEONARD seized the 7-Eleven employee at gunpoint and directed him to the cash register.

Overt Act No. 15: On December 11, 2023, inside the Los Angeles 7-Eleven, defendant LEONARD demanded the 7-Eleven employee's cell phone, which the 7-Eleven employee refused to hand over.

<u>Overt Act No. 16</u>:   On December 11, 2023, inside the Los Angeles 7-Eleven, defendant CHRISTOPHER ordered the 7-Eleven employee to open two cash registers.

<u>Overt Act No. 17</u>:   On December 11, 2023, inside the Los Angeles 7-Eleven, defendants CHRISTOPHER and ROUSE removed money from two cash registers and placed it into a black Nike bag that defendant ROUSE was holding.

<u>Overt Act No. 18</u>:   On December 11, 2023, inside the Los Angeles 7-Eleven, defendant LEONARD brandished the two-toned semi-automatic handgun at a customer, using it to intimidate and control the customer, and causing the customer to give his wallet to defendant ROUSE.

<u>Overt Act No. 19</u>:   On December 11, 2023, defendants CHRISTOPHER, LEONARD, and ROUSE, and a co-conspirator, fled the Los Angeles 7-Eleven on foot with approximately $650 belonging to the Los Angeles 7-Eleven.

<u>December 11, 2023 Robbery of the CVS</u>

<u>Overt Act No. 20</u>:   On December 11, 2023, using coded language in an Instagram message, defendant SPENCER confirmed to defendant ROUSE that he was about to attempt a robbery, stating "On grape finna be getting dress n heading that way"; minutes later, after defendant SPENCER asked defendant ROUSE if the robbery was still going to occur, defendant ROUSE confirmed: "Yea dirty…Hurry up maf."

<u>Overt Act No. 21</u>:   On December 11, 2023, defendants CHRISTOPHER, LEONARD, and ROUSE, and at least one co-conspirator, traveled to the CVS in the blue BMW to commit a robbery.

Overt Act No. 22: On December 11, 2023, a co-conspirator approached the CVS on foot and entered the CVS to inspect the store prior to a robbery.

Overt Act No. 23: On December 11, 2023, defendants CHRISTOPHER, LEONARD, and ROUSE entered the CVS, jumped over the pharmacy sales counter, took prescription medications off the shelf, and placed them into a black Nike bag and a black trash bag.

Overt Act No. 24: On December 11, 2023, defendants CHRISTOPHER, LEONARD, and ROUSE, and two co-conspirators, fled the CVS in the blue BMW with prescription medications valued at approximately $2,130, belonging to the CVS.

Overt Act No. 25: On December 12, 2023, in Instagram posts, defendant ROUSE advertised the stolen CVS medication for sale, and sent an Instagram message to another user stating, "I got syrup," referencing the medication stolen during the CVS robbery.

December 24, 2023 Robbery of the Gardena 7-Eleven

Overt Act No. 26: On December 24, 2023, defendants CHRISTOPHER and SPENCER, and at least one co-conspirator, traveled to the Gardena 7-Eleven in the blue BMW to commit a robbery.

Overt Act No. 27: On December 24, 2023, inside the Gardena 7-Eleven, defendant CHRISTOPHER brandished a two-tone semi-automatic handgun, pointed the handgun at a 7-Eleven employee, directed the employee to open the cash register, took money from the cash register, and put it into a backpack.

Overt Act No. 28: On December 24, 2023, inside the Gardena 7-Eleven, defendant SPENCER took the 7-Eleven employee and directed him to a second cash register, forcing him to open it so that defendant CHRISTOPHER could take the money from that register, and then

defendant SPENCER directed the 7-Eleven employee to lay on the ground.

    <u>Overt Act No. 29:</u>   On December 24, 2023, defendants CHRISTOPHER and SPENCER, and a co-conspirator, fled the Gardena 7-Eleven in the blue BMW with approximately $342 belonging to the 7-Eleven.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS CHRISTOPHER AND SPENCER]

On or about November 4, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER and D'ANGELO SPENCER, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants CHRISTOPHER and SPENCER, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of approximately $2,495 belonging to 7-Eleven from a 7-Eleven store located at 6224 South Figueroa Street, Los Angeles, California, a commercial marketplace, the inventory of which traveled in interstate commerce, in the presence of 7-Eleven employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT THREE

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS CHRISTOPHER, SPENCER, AND LEONARD]

On or about November 28, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER, D'ANGELO SPENCER, and JORDAN LEONARD, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants CHRISTOPHER, SPENCER, and LEONARD, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of approximately $2,000 belonging to 7-Eleven from a 7-Eleven store located at 6224 South Figueroa Street, Los Angeles, California, a commercial marketplace, the inventory of which traveled in interstate commerce, in the presence of 7-Eleven employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT FOUR

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2(a)]

[DEFENDANTS CHRISTOPHER, SPENCER, AND LEONARD]

On or about November 28, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER, D'ANGELO SPENCER, and JORDAN LEONARD, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm, namely, a semi-automatic handgun, during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Three of this Indictment, and, in so doing, brandished the firearm.

COUNT FIVE

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS CHRISTOPHER, LEONARD, AND ROUSE]

On or about December 11, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER, JORDAN LEONARD, and TAZJAR ROUSE, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants CHRISTOPHER, LEONARD, and ROUSE, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of approximately $650 belonging to 7-Eleven from a 7-Eleven store located at 6224 South Figueroa Street, Los Angeles, California, a commercial marketplace, the inventory of which traveled in interstate commerce, in the presence of 7-Eleven employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT SIX

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2(a)]

[DEFENDANTS CHRISTOPHER, LEONARD, AND ROUSE]

On or about December 11, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER, JORDAN LEONARD, and TAZJAR ROUSE, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm, namely, a semi-automatic handgun, during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Five of this Indictment, and, in so doing, brandished the firearm.

COUNT SEVEN

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

On or about December 11, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER, D'ANGELO SPENCER, JORDAN LEONARD, and TAZJAR ROUSE, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants CHRISTOPHER, SPENCER, LEONARD, and ROUSE, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of prescription medications valued at approximately $2,130 belonging to CVS from a CVS store located at 1747 North Cahuenga Boulevard, Los Angeles, California, a commercial pharmacy and marketplace, the inventory of which traveled in interstate commerce, in the presence of CVS employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT EIGHT

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS CHRISTOPHER AND SPENCER]

On or about December 24, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER and D'ANGELO SPENCER, and others known and unknown to the Grand Jury, each aiding and abetting the others, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants CHRISTOPHER and SPENCER, and others known and unknown to the Grand Jury, unlawfully took and obtained property consisting of approximately $342 belonging to 7-Eleven from a 7-Eleven store located at 15300 South Figueroa, Gardena, California, a commercial marketplace, the inventory of which traveled in interstate commerce, in the presence of 7-Eleven employees, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons and property, and property in their custody and possession.

COUNT NINE

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2(a)]

[DEFENDANTS CHRISTOPHER AND SPENCER]

On or about December 24, 2023, in Los Angeles County, within the Central District of California, defendants CHARLES CHRISTOPHER and D'ANGELO SPENCER, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly used and carried a firearm, namely, a semi-automatic handgun, during and in relation to, and possessed the firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Eight of this Indictment, and, in so doing, brandished the firearm.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One, Two, Three, Five, Seven, and Eight of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

    b. All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

17

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Four, Six, and Nine of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   a.  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                               /s/
                                        _____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

MIRELLE RAZA
Assistant United States Attorney
General Crimes Section